```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     NORTHERN DIVISION


KELVIN PYNE,                        :

     Petitioner,                    :

v.                                  :
                                        CIVIL ACTION 08-146-WS-M
MICHAEL B. MUKASEY,[1]              :
MICHAEL CHERTOFF,
WARDEN DAVID O. STREIFF,            :

     Respondents.                   :
```

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2241 by Kelvin Pyne, a citizen and native of Jamaica, who has been detained by the U.S. Department of Homeland Security (Doc. 1).[2] This action has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration. The record is adequate to determine Petitioner's claims; no evidentiary hearing is required. It is recommended that the instant petition be dismissed.

In his petition, Petitioner states that he entered this country on December 25, 1991 (Doc. 1, p. 2). Pyne asserts that

---

[1] On November 9, 2007, Michael B. Mukasey became the Attorney General for the United States and should, therefore, be substituted for Peter D. Keisler, pursuant to Fed.R.Civ.P. 25(d)(1).

[2] Petitioner has been in the actual custody of David O. Streiff, Warden of the Perry County Correctional Center in Uniontown, Alabama. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody with the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

he was taken into custody by agents of the U.S. Bureau of Immigration and Customs Enforcement (hereinafter *ICE*) and that on March 1, 2007, an Order was entered that he should be removed from this country (*see* Doc. 1).  Petitioner maintains that he has been detained for too long and that such detention is improper (*id.* at pp. 2-3).  Pyne seeks release from custody (*id.* at p. 3).  Petitioner filed this action on March 17, 2008 (Doc. 1).

Respondents subsequently filed a Response, stating that Petitioner is being detained through his own failure to cooperate with United States authorities (Doc. 12).  More specifically, Respondents assert that Pyne refused to cooperate, on two separate occasion, with ICE's efforts to repatriate him; they further assert that he only began to provide requested information on April 7, 2008 (Doc. 12, pp. 1-2).  Respondents argue that Petitioner's confinement is proper, in light of Pyne's obstruction of the legal process, and that this action should be dismissed as this action, in light of his behavior, is premature (*id.* at pp. 2-3).

The evidence of record demonstrates that Petitioner has been convicted of possession and sale of marihuana in the New York State Courts on numerous occasions (*se* Doc. 12, Exhibit A, p. 2).[3]  Following an evidentiary hearings, a U.S. Immigration Judge found that Petitioner was not a U.S. Citizen and should be

---

[3]Petitioner admitted to several convictions in his Complaint (Doc. 1, p. 1).

deported to Jamaica (*see* Doc. 12, Exhibit A).  A sworn statement by Calvin Anderson, an ICE Deportation Officer, indicates that Pyne, on two separate occasions, refused to cooperate with the Jamaican Consulate (Doc. 12, Exhibit B).  Anderson further testified that Petitioner began to cooperate only as recently as April 7, 2008, by answering questions which were necessary to the repatriation process (*id.*).

The United States Supreme Court, in *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers jurisdiction on federal courts to entertain actions such as this. In interpreting 8 U.S.C. § 1231,[4] the *Zadvydas* Court held that

---

[4]The Court notes that 8 U.S.C. § 1231, entitled "Detention and removal of aliens ordered removed," states, in pertinent part, as follows:

> (a) Detention, release, and removal of aliens ordered removed
>    (1) Removal period
>       (A) In general
>          Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>       (B) Beginning of period
>          The removal period begins on the latest of the following:
>              (i) The date the order of removal becomes administratively final.
>              (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>              (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
>       (C) Suspension of period
>          The removal period shall be extended beyond a period of 90 days and the alien may remain in

the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention."  *Zadvydas*, 533 U.S. at 689.  The Court went on to hold that "six months [was] a presumptively reasonable period of time to detain a removable alien awaiting deportation" pursuant to § 1231.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002).  The *Zadvydas* Court further stated, however, that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.

In *Akinwale*, the Eleventh Circuit Court of Appeals held that the six-month-period "must have expired at the time [the Petitioner's] petition was filed in order to state a claim under *Zadvydas*."  *Akinwale*, 287 F.3d at 1052.  The *Akinwale* Court also noted that the six-month-period could be interrupted by a petitioner's motion for a stay of deportation or removal; this interruption would necessarily include whatever time was needed for the court, to which such motion had been made, to rule. *Akinwale*, 287 F.3d at 1052 n.4.

---

detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C.A. § 1231.

This Court notes that statutory language, previously set out, allows for a petitioner's detention period to be extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."  8 U.S.C. § 1231(a)(1)(C).  The Ninth Circuit Court of Appeals, in *Pelich v. I.N.S.*, 329 F.3d 1057, 1060 (9th Cir. 2003), addressed this issue in a similar case and held the following:

> The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention.  Unlike the aliens in *Zadvydas*, Pelich has the "keys [to his freedom] in his pocket" and could likely effectuate his removal by providing the information requested by the INS.

*Id.* (*citing Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999).

The evidence shows that Pyne has obstructed the removal process and that his actions have led to his continued detention.[5]  As such, Petitioner cannot prove that "there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.  The Court finds that Pyne's continued detention is not improper under 8 U.S.C. §

---

[5]The Court has read Plaintiff's Supplemental Pleadings (Docs. 13, 15) and finds nothing there which leads this Court to believe that his continued detention is not the product of his own actions.

1321(a)(1)(C).

Therefore, it is recommended that this action be dismissed and that judgment be entered in favor of Respondents Michael B. Mukasey, Michael Chertoff, and David O. Streiff and against Petitioner Kelvin Pyne.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 20th day of June, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
